1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 6/20/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARK EDWARD LICHTLE,<br><br>                    Plaintiff,<br><br>          v.<br><br>NEW YORK LIFE INSURANCE COMPANY and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case Number C 05 4787 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT<br><br>[re: docket no. 37] |

**I.  BACKGROUND**

          Defendant New York Life Insurance Company ("New York Life") moves to enforce a settlement agreement reached following mediation.  It has submitted evidence to support the following.[2]  On June 28, 2007, counsel for Plaintiff Mark Lichtle ("Lichtle") and New York Life

---

          [1] This disposition is not designated for publication and may not be cited.

          [2]The Local Rules for ADR for the Northern District of California restrict disclosure of certain information relating to court-ordered mediation.  ADR Rule 6-11 provides, in relevant part:

          (a) **Confidential Treatment.**  Except as provided in subdivision (b) of this local rule, this court, the mediator, all counsel and parties, and any other persons

1  participated in a private mediation with Judge Edward A. Infante of JAMS.   The parties did not

2  reach a settlement on that date but agreed to continued discussions with Judge Infante.

3  Accordingly, on July 12, 2007, the parties filed a stipulation with this Court to continue a case

4  management conference scheduled for July 13, 2007 to August 31, 2007.

5       On July 18, 2007, Judge Infante sent an email to both parties proposing the following:

6       (1) New York Life Insurance Co. pays to Plaintiff and his counsel the total sum of
        [ ]; (2) Plaintiff dismisses the lawsuit and signs a complete release of all claims
7       known and unknown, and release of both disability policies; (3) the settlement is
        confidential (standard terms; and (4) payment of the settlement amount [ ] to be
8       paid within 15 days of the settlement agreement and releases.
        . . .
9       You are hereby requested to respond to this settlement proposal no later than 12
        noon on Friday, July 20, 2007 (yes or no) via e-mail . . . .

10

11      attending the mediation shall treat as 'confidential information' the contents of the
        written Mediation Statements, anything that happened or was said, any position
12      taken, and any view of the merits of the case formed by any participant in
        connection with any mediation.  "Confidential information" shall not be:
13

14      (1) disclosed to anyone not involved in the litigation;
15      (2) disclosed to the assigned judge . . .
        . . .
16      (b) **Limited Exceptions to Confidentiality.**  This rule does not prohibit:

17      (1) disclosures as may be stipulated by all parties and the mediator;
18      (2) a report to or any inquiry by the ADR Magistrate Judge pursuant to ADR L.R.
        2-4(a) regarding a possible violation of the ADR Local Rules;
19      (3) the mediator from discussing the mediation with the court's ADR staff, who
        shall maintain the confidentiality of the mediation;
20      (4) any participant or the mediator from responding to an appropriate request for
        information duly made by persons authorized by the court to monitor or evaluate
21      the court's ADR program in accordance with ADR L.R. 2-6; or
22      (5) disclosures as are otherwise required by the law.

23  New York Life argues that under this rule the Court may not consider any of the evidence

24  Lichtle presents.  However, ADR L.R. 6-11 does not apply to the instant case because the
    parties did not participate in court sponsored mediation. *Equal Employment Opportunity*
25  *Comm'n v. Albion River Inn, Inc.*, No. 06-5356 SI, 2007 WL 2560718 at *1 (N.D. Cal.
    Sept. 4, 2007) ("[A]ll of the Local Rules for ADR, including Rule 6-11, apply only to
26  court-sponsored ADR processes.") ; *see also* ADR L.R. 1-2.  Moreover, many of the facts
27  set forth in the parties' filings in connection with the present motion concern
    communications that occurred subsequent to and outside the mediation itself.

28

2

*See* Declaration of Burnite, Exhibit A.  On July 27, 2007, counsel for New York Life sent a letter to Lichtle's attorney agreeing to the settlement for the amount proposed by Judge Infante as well as to the confidentiality of the settlement.  Although the letter did not incorporate the remaining proposed terms, it did state that a draft of the settlement release and a stipulation for dismissal would follow.  *Id.*, Exhibit B.  Lichtle's counsel responded that day with a letter "confirming that this matter has been settled" for the proposed amount.  *Id.*, Exhibit C.  The letter also referred to additional terms that might need to be added to the release to allow Lichtle to invest some of his recovery in an annuity.  However, the letter stated that these additional terms "will not change the final result, which is that your client will be fully released in return for the agreed upon payment."  *Id.*  Lichtle was copied on his attorney's letter dated July 27, 2007.

On August 13, 2007, counsel for New York Life sent Lichtle's attorney a proposed settlement agreement and release.  This draft incorporated all of the terms in Judge Infante's proposal.  Lichtle's counsel responded on August 14 and 24, 2007, proposing the following changes: (1) rather than a single payment, the settlement fund would be paid with two checks in equal amounts: one check made payable to Lichtle and the other payable to his attorney; (2) the confidentiality paragraph would be removed;[3] (3) a "mutuality of release" paragraph would be added;[4] (4) an indemnification paragraph also would be added;[5] (5) language regarding tax

---

[3] Lichtle's August 14 letter requested that the confidentiality paragraph be amended to include his wife as a person to whom disclosures could be made.  His August 14 letter revised his original request.

[4] Lichtle proposed the following paragraph:

Mutuality of Release. Releasee hereby releases Releasor, and his heirs, legal representatives, attorneys and assigns, to the same extent that it has been released, such that this Agreement shall be a mutual release.

*Id.*, Exhibit 5.

[5] Lichtle proposed the following paragraph:

The parties to this agreement agree to bear their own attorney's fees and costs incurred in connection with the Lawsuit, and all other claims released herein.  In

3

1    related issues would be added to the first paragraph of the agreement;[6] and (6) the paragraph

2    releasing unknown claims would be deleted.  On August 30, 2007, the parties filed a stipulation

3    in this Court to continue the a case management conference scheduled for August 31, 2007 to

4    September 28, 2007.  In this stipulation, the parties informed the Court that "on July 27, 2007 the

5    parties agreed to a final agreement as to terms."  August 30, 2007 Stipulation and Order, Docket

6    No. 32.

7          On September 11, 2007, New York Life sent Lichtle's counsel a revised draft.[7]  *Id.*,

8    Exhibit 8.  The letter attached to this draft explains that New York Life had not changed the

9    paragraphs relating to confidentiality and the release of unknown claims because these were

10   specific terms were included in Judge Infante's proposal, and that the proposed mutual release

11   was not added because New York Life had not asserted counterclaims.  New York Life also

12   explained that the settlement checks had been prepared and would be sent as soon as Lichtle

13   signed the agreement.  *Id.*

14         Lichtle did not sign the September 11 draft.  Instead, on September 24, 2007, Lichtle's

15   _____

16   the event of any action brought by any of the parties to enforce any provision of
     this Agreement, the prevailing party shall be paid reasonable attorney's fees, costs
17   and expenses incurred in connection with the prosecution or defense of such
     action.
18

19   *Id.*

20         [6] Lichtle proposed the following paragraph:

21
     Releasee hereby confirms that the premiums for the Policies were paid
22   individually by Releasor with afer-tax dollars.  Releasee further confirms that the
     monthly benefits previously paid to Releasor were non-taxable , and that the
23   payment of the Settlement Funds in the amount of []is less than the value of past
     and future benefits under the Policies.  Therefore, subject to paragraph 16,
24   Releasee agrees that the Settlement Funds have the same character as the monthly
     benefits paid under the Policies, and that it will not issue any report of income for
25   the amount of the Settlement Funds paid to Releasor.

26
27   *Id.*, Exhibit 6.

28         [7] A duplicate copy of this draft also was faxed to Lichtle's attorney on September 18,
     2007.  *Id.*, Exhibit 9.

4

attorney wrote to New York Life advising that Lichtle had obtained new counsel. New York Life contacted Lichtle's new counsel, and on September 27, 2007, the parties filed a stipulation again continuing their case management conference to October 12, 2007. That stipulation, which was signed by Lichtle's new counsel, informed the Court that "on July 27, 2007, the parties agreed to a settlement"; however, "the finalization and execution of the settlement agreement has been delayed due to the recent substitution of counsel for [Lichtle]." September 27, 2007 Stipulation and Order, Docket No. 34. At the October 12 case management conference, Lichtle's new attorney asserted that there was no settlement.[8] The Court directed New York Life to file a motion to enforce settlement on or before November 16, 2007. The Court also granted leave for New York Life to file an amended answer, if necessary, to include settlement as an affirmative defense.

## III. DISCUSSION

The Ninth Circuit has explained:

> It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only *complete* settlement agreements. Where material facts concerning the *existence* or *terms* of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing.

*Callie v. Near*, 829 F.2d 888 (9th Cir. 1987) (internal citations omitted). Lichtle argues that the Judge Infante's settlement proposal may not be summarily enforced because it does not contain all of the material terms of the parties' agreement. New York Life contends that the letter dated July 27, 2007 did create a binding and enforceable agreement, because Judge Infante's proposed settlement contained only the following material terms: New York Life agreed to pay Lichtle in exchange for dismissal of the lawsuit; Lichtle agreed to surrender his policies; the agreement was to be confidential; and payment was to occur within fifteen days of the execution of a settlement agreement and releases. Although Lichtle later sought to add additional terms in subsequent

---

[8]  Counsel for New York Life asserts that on October 5, 2007 Lichtle's attorney left him a voicemail stating that Lichtle did "not want to go forward with the settlement." Declaration of John T. Burnite at ¶ 20.

Case No. C 05-4787
ORDER DENYING MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT
(JFLC1)

drafts, the Court concludes that the correspondence between counsel together with the stipulations filed with the Court is sufficient to establish a meeting of the minds as to each of the material terms.  Accordingly, the Court concludes that the parties did enter into a binding settlement agreement, and that agreement will be enforced.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to summarily enforce the settlement agreement is GRANTED.

DATED: June 20, 2008.

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-4787
ORDER DENYING MOTION TO SUMMARILY ENFORCE SETTLEMENT AGREEMENT
(JFLC1)

1    This Order has been served upon the following persons:

2

3    Charles Balch Perkins          cbperk@earthlink.net

4    Lawrence Arthur Mann          larry_mann_2000@yahoo.com

5    Ray Francis Bourhis, Esq.      Rfbourhis@aol.com

6    John T. Burnite          john.burnite@wilsonesler.com

7    Magie Ruth Lariviere  mrl@kelher.com

8    Thomas M. Herlinhy  thomas.herlihy@wilsonesler.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7